# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.                                              CRIMINAL ACTION NO. 1:04CR-16-R

RODNEY HILLIARD                                                          DEFENDANT

## MEMORANDUM AND ORDER

Defendant Rodney Hilliard filed a *pro se* motion for sentence modification pursuant to 18 U.S.C. § 3582(c)(2) (DN 37). The United States filed a response (DN 39). Hilliard filed no reply. This matter is ripe for consideration.

## I.

Pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(B) plea agreement, Hilliard pleaded guilty on September 8, 2004, to all counts of the indictment -- count 1 (bank robbery, 18 U.S.C. § 2113(a)), count 2 (armed bank robbery, 18 U.S.C. § 2113(d)), count 3 (brandishing of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)), and count 4 (possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) & 924(a)(2)). In the plea agreement, the government agreed to recommend a sentence at the lowest end of the applicable guideline range, recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility," and move for downward departure for substantial assistance. Pursuant to the plea agreement, Hilliard agreed to have his sentence determined pursuant to the Sentencing Guidelines and waived his right to a direct appeal and to contest or collaterally attack his sentence.

The presentence investigation report (PSR) found that Hilliard was a career offender pursuant to § 4B1.1 of the Sentencing Guidelines due to his past criminal convictions, and his sentencing range was calculated accordingly.

At sentencing on February 28, 2005, the government moved for a downward departure, which the Court granted. The Court imposed a sentence of imprisonment for a term of 100 months as to each of counts 1, 2, and 4, to be served concurrently with each other and imposed a sentence of imprisonment for a term of 84 months as to count 3, to be served consecutively to the sentence imposed in counts 1, 2, and 4. The Court therefore imposed a total term of imprisonment of 184 months. Judgment and Commitment was entered on March 3, 2005. Hilliard did not file an appeal.

**II.**

In the present motion, Hilliard asks the Court to modify his sentence under 18 U.S.C. § 3582(c)(2) based on "Amendment 599 Appx. C, effective date November 1, 2000," to the United States Sentencing Guidelines (U.S.S.G.) "as it appl[ies] to brandishing or discharging a gun pursuant to 18 U.S.C. § 924." Hilliard further contends that a conviction under 18 U.S.C. § 922(g) qualifies as an underlying offense and that application of the enhancement in § 2K2.1(b)(5)[1] resulted in impermissible double-counting.[2]

"Amendment 599 provides for certain changes to the commentary to USSG § 2K2.4," *Little v. United States*, 242 F. Supp. 2d 478, 481 (E.D. Mich. 2003), and "was enacted to clarify

---

[1]Under the 2006 amendments to the Sentencing Guidelines, effective November 1, 2006, Section 2K2.1(b)(5) was renumbered as Section 2K2.1(b)(6). *See United States v. Woodard*, 337 F. App'x 534, 537 n.1 (6th Cir. 2009).

[2]Hilliard cites to *United States v. Smith*, 196 F.3d 676 (6th Cir. 1999), in support of this argument. In *Smith*, the Sixth Circuit held that firearm-possession convictions were "underlying offenses" of the offense of carrying a firearm during a crime of violence, so that use of specific offense characteristic of use of a firearm in connection with another felony could not be applied to enhance sentence for carrying a firearm during a crime of violence. Hilliard's reliance on *Smith* is of no consequence to his argument because it does not effect the Court's conclusions herein that § 3582(c)(2) does not apply; that no enhancement was imposed under § 2K2.1(b)(5); and that Hilliard's total offense level was based on his status as an armed career criminal, not based on any specific offense characteristic.

under what circumstances a weapons enhancement may be applied to an underlying offense when the defendant has also received an 18 U.S.C. § 924(c) conviction, which provides separate punishment for the use or possession of a firearm in a violent crime." *United States v. Pringle*, 350 F.3d 1172, 1176 (11th Cir. 2003).

> Amendment 599 explains that, in order to avoid double-counting, an enhancement that might seem to be appropriate under § 2K2.1(b) could be inappropriate for a sentence under § 2K2.4. The rationale is that the conduct that triggered the § 2K2.1(b) enhancements is related to the conduct that forms the basis for the 18 U.S.C. § 924(c) conviction. For sentencing purposes, that conduct should not be counted twice. In explaining this principle, Amendment 599 offers an example where the Guidelines do not permit double-counting of conduct involving weapons: "For example, if in addition to a conviction for an underlying offense of armed bank robbery, the defendant was convicted of being a felon in possession under 18 U.S.C. § 922(g), the enhancement under § 2K2.1(b)(5) would not apply." U.S.S.G. Manual, Supp. to App. C at 71. An armed robbery conviction would be subject to U.S.S.G. § 2B3.1, which contains enhancements for weapons, so applying § 2K2.1(b)(5) would be double-counting.

*United States v. Friend*, 303 F.3d 921, 922 (8th Cir. 2002).

Under 18 U.S.C. § 3582(c)(2), a court is authorized to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. A court may reduce a defendant's term of imprisonment pursuant to § 3582(c)(2) only if the guideline range applicable to the defendant was lowered as a result of an amendment listed in § 1B1.10(c)[3] of the Sentencing Guidelines. *See* U.S.S.G. § 1B1.10(a)(1). "[A]n amendment specifically listed in U.S.S.G. § 1B1.10(c) has retroactive effect, while amendments not listed are not to be applied retroactively." *United States v. Jones*, 96 F. App'x 976, 978 (6th Cir. 2004) (citing *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994)).

---

[3]Under § 1B1.10(c), "[a]mendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, and 715."

3

While Amendment 599 is listed as an amendment in § 1B1.10(c), and therefore has a retroactive effect, Amendment 599 became effective November 1, 2000, *see* U.S.S.G. Supp. to App. C, amend. 599 (2000), and has not been amended since. Because Amendment 599 was in effect years prior to Hilliard's sentencing in 2005, that Amendment cannot have the effect of subsequently lowering his Sentencing Guideline range. Sentence modification is, therefore, impermissible under § 3582(c)(2).[4]

Notwithstanding § 3582(c)(2)'s inapplicability, the Court advises that Hilliard received the benefit of Amendment 599 as his sentence was not enhanced by § 2K2.1(b)(5). Specifically, paragraph 29 of the PSR provides that "Section 2K2.1(b)(5) does not apply pursuant to Section 2K2.4 Application Note 4," and no points were assessed. Further, paragraphs 37 and 38 of the PSR reveal that Hilliard's total offense level was based on the career offender provision of § 4B1.1, and not on the specific offense characteristics. *United States v. Hickey*, 280 F.3d 65, 69

---

[4]Hilliard references three cases mentioned below which have no application to his case given the Court's lack of authority to grant him relief under § 3582(c)(2). In *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), the defendant was initially sentenced in 1993, seven years prior to the effective date of Amendment 599 in November 2000. Thus, unlike Hilliard, Hicks' sentence was based on a sentencing range that was subsequently lowered by the Sentencing Commission authorizing sentence modification under § 3582(c)(2). Against that backdrop, in *Hicks*, the Ninth Circuit held that *United States v. Booker*, 543 U.S. 220 (2005), another case cited by Hilliard, applies to § 3582(c)(2) proceedings "[b]ecause *Booker* abolished the mandatory application of the Sentencing Guidelines in all contexts, and because reliance on its holding is not inconsistent with any applicable policy statement." *Hicks*, 472 F.3d at 1169. Here, because the Court is not authorized to reduce Hilliard's sentence under 3582(c)(2), the *Booker* argument never comes into play. Nevertheless, the Court advises that in *United States v. Washington*, the Sixth Circuit recently declined to follow *Hicks*' but instead chose to join the nine other sister circuits (the First through Fifth, Seventh, Eighth, Tenth, and Eleventh) to consider the issue and "rejected *Booker*'s application to sentence modifications under 18 U.S.C. § 3582 and [] held that § 1B1.10's policy limitation is mandatory." *Washington*, 584 F.3d 693, 698 (6th Cir. 2009). The Court notes that in *Washington* the Sixth Circuit referenced *Harris v. United States*, 536 U.S. 545 (2002), (the final case cited by Hilliard) in support of its holding that "pursuant to 18 U.S.C. § 3582(c)(2), a district court is not authorized to reduce a defendant's sentence below the amended Guidelines range." *Washington*, 584 F.3d at 701. Again, none of these cases lends any assistance to Hilliard's unauthorized motion.

4

(1st Cir. 2002) ("Appellee was sentenced as a career offender; the specific offense characteristics of his underlying offense therefore were immaterial.").

**IT IS THEREFORE ORDERED** that Hilliard's motion for reduction of sentence (DN 37) is **DENIED**.

Date:

cc: Defendant, *pro se*
United States Attorney
4413.005